GEORGIANA BLAND, Administratrix of T. L. BLAND, Deceased, Appellant, v. R. L. ROBINSON et al., Respondents.

**St. Louis Court of Appeals.  Argued and Submitted March 7, 1910. Opinion Filed April 19, 1910.**

1. **ATTORNEY AND CLIENT: Attorney's Lien:  Lien Held Not to Attach: Sufficiency of Notice.**  Where a distributee of an estate being administered entered into a contract with an attorney, by which he was to be paid a percentage of the amount recovered in probate proceedings, which contract was filed in the probate court, the "Attorney's Lien Law" (Acts 1901, page 46), has no application in an action to recover a fee, under said contract, as against the administrator of the estate and the purchaser of such distributee's interest; and moreover the attorney did not bring himself within the provisions of that statute by serving the notice required by it, the only attempt to give notice being the filing of the contract in the probate court.

2. **ASSIGNMENT: Partial Assignment Without Assent of Debtor: Equity.**  Equity will not enforce a claim based upon a partial assignment of the fund, where the debtor has not assented to the assignment.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

AFFIRMED.

*T. L. Bland pro se.*

(1)  The plaintiff had a lien on Mrs. Ellson's cause of action from the time of his employment, and this lien continued until it was merged in the judgment— the formal finding of the court of the amount of her interest in the estate of G. T. Dunn, deceased, and no notice of this lien was required to be served on any person. The filing of the same with the clerk of probate court imparted notice. It was fixed by law. Secs. 1 and 2, Attorney's Lien Act, Session Laws 1901, p. 46. And the plaintiff could not "be required to reduce her

claim into verdict or judgment, in order that the attorney may maintain a suit against the defendants. Yonge v. Transit Co., 109 App. 245; Taylor v. Transit Co., 198 Mo. 722; O'Connor v. Transit Co., 198 Mo. 626; Curtis v. Railroad, 118 Mo. App. 341. (2) The agreement with Bland to pay him fifteen per cent of the total sum awarded by the court to Mrs. Ellson, together with his proper disbursements and expenses incurred, operated as an equitable assignment of her interest in the fund actually adjudged to her, *pro tanto*. The contract was on file with the files in the case, in the probate court, at Troy, Lincoln county, Missouri. This assignment of an interest in her claim, which ripened into a judgment, was prior, in point of time, to the alleged assignment of her interest or claim by Mrs. Ellson to Murphy. *Prior est tempori portior est de jure.* If Murphy gets anything it must legally come to him only after Bland has his fifteen per cent of the whole sum recovered, with his proper disbursements; and the administrator (Robinson) is liable for his failure to pay the money over to the right party. Huenkamp v. Borgmier, 32 Mo. 569; 18 Cyc. Law and Proc., p. 654. The assignee of an interest in the estate of a deceased person which is in process of administration in the probate court, does not acquire title to any specific property by the assignment, but merely the right to such property, or funds, as shall be awarded to the assignor, in the final distribution of the estate. McPherson v. Trust Co., — Mo. ——.

*R. P. & C. B. Williams* for respondents.

(1) Under the facts in this case, no lien can arise under and by virtue of the attorney's lien act. Yonge v. Transit Co., 109 Mo. App. 243; Taylor v. Transit Co., 108 Mo. 722; O'Connor v. Transit Co., 198 Mo. 626; Curtis v. Railroad, 118 Mo. App. 343. (2) The contract in question cannot operate as an equitable assign-

ment. Kelley v. Newman, 79 Ill. App. 285; Burnett v. Crandall, 63 Mo. 416; Hargett v. McCadden, 107 Ga. 773; Tane v. Shankland, 110 Iowa 525; Gillette v. Murphy, 7 Okla. 91. (3) Both at law and in equity a portion of a debt, claim, or judgment is incapable of assignment in the absence of the debtor's consent. Burnett v. Crandall, 63 Mo. 413; Love v. Fairfield, 13 Mo. 300; Alexander v. Railroad, 54 Mo. App. 75; Loomis v. Robertson, 76 Mo. 491; Beardslee v. Morgner, 73 Mo. 22.

REYNOLDS, P. J.—The appellant's intestate, hereafter referred to as plaintiff, commenced his action against the defendants, by filing a petition in which he averred that he was a duly licensed and practicing attorney; that Dora Ellson, one of the defendants, is an heir-at-law of one George T. Dunn, who died intestate in Lincoln county, this State, in 1905, and as such heir she was entitled to inherit a two-elevenths interest or share in decedent's estate; that the defendant Robinson, after the death of George T. Dunn, was duly appointed administrator of the estate of Dunn by the probate court of Lincoln county; that he qualified as such administrator and made his final report as such administrator on the 3rd of February, 1908, upon which report the judge of the probate court made an order of final distribution of the estate of the said Dunn; that in January, 1906, the defendant Dora Ellson had made and entered into an agreement in writing with plaintiff wherein, in consideration of the legal service to be rendered Mrs. Ellson by plaintiff and the agreement of plaintiff to look after her interests in the estate and represent her in all matters pertaining thereto as heir of the estate, she agreed and authorized plaintiff, as such attorney at law, to collect her interest or share in the estate when the same was to be payable on distribution, to receipt therefor in her name and stead, and further agreed to pay plaintiff the sum of fifteen per cent of

whatever amount or share or interest in the estate might be upon final distribution as compensation for the services rendered and to be rendered by plaintiff, and further agreed with him that she would pay all costs, expenses and disbursements made by him in looking after and attending to her interest in the estate as well as his expense in his trips to and from the city of St. Louis to Troy, in Lincoln county, and further agreed with plaintiff that she would not sell or otherwise dispose of her interest or share in the estate without his consent; that the agreement above mentioned was duly placed on file with the judge of the probate court of Lincoln county on the 3d of March, 1906, and became a part of the files and records of the estate; that the agreement imparted full and complete notice to all parties in interest or that might subsequently become interested in the estate or who might become interested in the share of Dora Ellson and was from that time full and complete notice to the public; that afterwards about the 20th of March, 1906, Dora Ellson sold and assigned her interest and share in the estate to the defendant, John H. Murphy, for the purported consideration of one thousand dollars; that the sale to Murphy was without the knowledge or consent of plaintiff thereto; that Murphy bought or took the assignment of Mrs. Ellson's interest with full knowledge of the existence of the contract between plaintiff and Mrs. Ellson and with full knowledge of the existence of his claim and lien on her interest in the estate; that the defendant Robinson, as administrator of the estate, has made or will make payment of Mrs. Ellson's interest to defendant Murphy, in direct violation of the agreement between plaintiff and defendant Dora Ellson, and that Robinson, as administrator, had knowledge of the existence of the agreement between Mrs. Ellson and plaintiff; that the interest of Mrs. Ellson in the estate at the time of making the

order of distribution was $1895.95, fifteen per cent of which, under the agreement between plaintiff and Mrs. Ellson, amounted to $284.37, which it is averred is justly due and owing plaintiff; that the latter had paid out and expended $11.85 in railroad fare, hotel expenses and other incidental expenses in going from the city of St. Louis to Troy and returning therefrom, in discharge of his duties in attending to Mrs. Ellson's interest in the estate, making the total amount due him $296.22, no part of which has been paid; that the defendants Murphy and Robinson are brothers-in-law and "have fraudulently conspired together for the purpose of defeating the said plaintiff's rights, and for the purpose of defeating plaintiff's lien and claim against the said Dora Ellson's interest or share in and to the said estate." The prayer is for judgment against the defendants for the sum of $296.22, with interest from the 3d of February, 1908, and for costs, "and for such other and further relief as to this court may seem just and proper, for which he will ever pray."

Defendants Murphy and Robinson demurred to the petition on the ground that the facts set forth in it are insufficient to constitute a cause of action. The court sustained these demurrers and plaintiff, standing on the petition, final judgment went in favor of the defendants Robinson and Murphy, the plaintiff having in the meantime dismissed as to defendant Dora Ellson. From this judgment plaintiff duly appealed to this court and pending the appeal plaintiff dying, his widow, taking out letters of administration, was duly substituted as plaintiff and appellant.

The errors assigned in this court are to the action of the court in sustaining the demurrers of defendants Murphy and Robinson. Counsel argue this case as if it arose under our statute, Acts 1901, p. 46, applicable to the lien of an attorney for his fees. We do not think it comes under that; at all events, plaintiff did not

bring himself within its provisions, by serving the notice required by that statute.

As strong as is the case made by the petition, we are compelled to hold that on the facts therein stated, this case falls within the rule announced in Burnett v. Crandall et al., 63 Mo. 410. The case made by plaintiff is that of an assignment of a part of a claim without the assent of the debtor. In the Burnett case, supra, our Supreme Court recognizes the rule that even equity will not enforce a claim based upon a partial assignment of the fund, the debtor not having assented to the assignment.

The judgment of the circuit court sustaining the demurrers must be and is affirmed. All concur.

